Janet Herold, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Ian Eliasoph, Counsel for ERISA
Jeannie Gorman, Senior Trial Attorney
WSBA #23578
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6762

Attorneys for Thomas E. Perez, Secretary of Labor,
United States Department of Labor, Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>JAMES BRUNK, BRUNK INDUSTRIES, INC., and the CONTRACTORS AND EMPLOYEES 401(k) PLAN,<br><br>Defendants. | No.  1:15-cv-00985-DAD-SAB<br><br><u>CONSENT JUDGMENT AND ORDER</u> |

**WHEREAS**:

A.      Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary" or "EBSA") pursuant to his authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against James Brunk, an individual ("Brunk"), Brunk Industries, Inc., a California corporation ("Company"); and the Contractors and Employees 401(k) Plan, an employee benefit plan (the "Plan").

B.      The Secretary, the Company, Brunk, and the Plan (collectively, "the parties")

1

admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

C. The parties agree to the entry of this Consent Judgment and Order. The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint.

D. The Secretary's Complaint alleges that defendants Company and Brunk are fiduciaries of the Plan within the meaning of § 3(21), 29 U.S.C. § 1002(21), of ERISA.

E. The Secretary's Complaint alleges that defendants Company and Brunk breached the fiduciary duties imposed on them by ERISA §§ 404(a)(1)(A),(B) and (D), and 409 by failing to collect and remit prevailing wage contributions on behalf of and to the Plan.

F. The Secretary's Complaint alleges that, as a result of the breaches set forth above, and as more fully alleged in the Secretary's Complaint, by their breaches of their ERISA fiduciary duties defendants Company and Brunk caused losses to the Plan.

G. Following the complete payment of the Amount Due, Brunk and Company will terminate the Plan and will forward to the Plan's recordkeeper and Trustee notice of the Plan's termination effective that date. Brunk and Company will notify plaintiff and the appointed Independent Fiduciary named in Paragraph 6, infra.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Judgment is hereby entered against defendants Company and Brunk in the amount of $100,000.00 ("Amount Due") which is comprised of $95,109.69 in prevailing wage contributions owed to Plan participants and $4,890.31 in fees and costs of the Independent Fiduciary, set forth in Paragraphs 6 and 8 below.

2. Pursuant to ERISA § 409, 29 U.S.C. § 1109, defendants Company and Brunk are jointly and severally liable and responsible for restoring $95,109.69 in uncollected mandatory employer prevailing wage contributions as set forth in Paragraph 8 below, to the Plan.

3. Defendants Company and Brunk are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001–1191c.

4. Defendant Brunk is permanently enjoined and restrained from serving as fiduciary of, or service provider to, any ERISA-covered plan. Upon appointment of the Independent Fiduciary named in Paragraph 6, infra, Company, including but not limited to Brunk individually, is removed as Plan Administrator.

5. Defendant Brunk is removed as the Trustee of the Plan, and permanently enjoined and restrained from serving as fiduciary of, or service provider to, any ERISA-covered plan.

6. Lefoldt & Co., P.A.: 690 Towne Center Blvd., P.O. Box 2848, Ridgeland, MS 39158-2848 shall be, and hereby is, appointed Independent Fiduciary of the Plan, who:

   a. Will be responsible for collecting, marshalling, paying out, administering Plan assets, calculating the participants' and beneficiaries' account balances, and winding down the Plan, as well as acting in accordance with and carrying out the duties outlined in Paragraph 8 below, and taking further action with respect to the Plan as appropriate;

   b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, must exercise reasonable care and diligence to identify and locate each Plan participant and beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the Plan has distributable assets and shall distribute such assets at a frequency that she determines is appropriate;

   c. Has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing Form 5500s;

   d. Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed, including attorneys, accountants, actuaries, and other service providers;

   e. Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

   f. Shall have the authority to give instructions respecting the disposition of assets of the Plan;

   g. Shall obtain and maintain a fidelity bond pursuant to ERISA § 412, 29

U.S.C. § 1112;

  h. Shall comply with all applicable rules and laws;

  i. The fees of the Independent Fiduciary shall be capped at $10,477.50. This includes the $4,890.31 to be paid by Defendants pursuant to Paragraphs 1 and 8, with the remainder to be paid from plan assets. If the Independent Fiduciary determines that additional fees are required to administer the Plan, the Independent Fiduciary shall file with the Court an itemized fee application, which shall indicate the additional services that are required and the additional fees for them. The Secretary shall have 15 calendar days to object to all or any part of the application. The Secretary requests that the fee application shall be deemed approved, unless the Secretary specifically objects to the fees and expenses charged within fifteen calendar days. The $10,477.50 cap on fees described in this Paragraph does not include reasonable fees and expenses incurred by the Plan to service providers other than the Independent Fiduciary, even where the Independent Fiduciary approves such charges.

 7. Defendants shall cooperate fully with the Independent Fiduciary herein appointed by the Court in providing documents or information they may have relevant to the Plan's administration and management.

 8. Defendant Brunk shall restore the Amount Due to the Plan as set forth in this Paragraph. Payment for the full amount due shall be made no later than November 30, 2016. Of the $100,000 due, $4,890.31 shall be applied to the reasonable fees and costs of the Independent Fiduciary. The remainder of the Independent Fiduciary's fees and costs shall be paid from Plan assets.

  a. Defendant Brunk waives his right to any restoration of uncollected fringe benefits constituting Plan assets owed to him as a Plan participant. All restorations of the Amount Due to the Plan shall be allocated to all Plan participants other than Defendant Brunk.

  b. Defendant Brunk shall remit the sum of $100,000.00 through the Independent Fiduciary identified at Paragraph 6 supra no later than November 30, 2016.

  c. Should Brunk fail to timely comply with any requirements set forth in this Paragraph: (i) the remaining balance of the Amount Due at the time of non-compliance shall

become immediately due and payable; (ii) interest will accrue on the Amount Due at the rate set forth in 26 U.S.C. § 6621(a) until such time as the Amount Due is paid in full, and; (iii) the Independent Fiduciary may advance from Plan assets the portion of the Amount Due that relates to his reasonable fees ($4,890.31).

      d.     Defendant Brunk agrees that upon request by the Secretary, Brunk shall provide the Secretary documentation related to the terms of this Consent Judgment and Order within fourteen days of the Secretary's request.  Defendant Brunk further agrees that the Independent Fiduciary may share information relating to this matter with the Secretary.

      e.     In addition to the Amount Due plus Interest to the Plan under this Paragraph, Brunk shall pay the reasonable fees and costs of the Independent Fiduciary. The Amount Due includes $4,890.31 in that defendant Brunk shall pay in fees and costs of the Independent Fiduciary.  For purposes of ERISA § 502(l), 29 U.S.C. § 1132(1), and paragraph 9 of this Consent Judgment and Order, the "Applicable Recovery Amount" shall be the total amounts recovered to the Plan, exclusive of amounts paid by defendant to the Independent Fiduciary for fees and costs as a portion of his Monthly Payments.

9.     This Consent Judgment does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent  on amounts recovered pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*).  Defendant James Brunk agrees to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83.  Upon assessment, payment shall be made immediately unless the defendant files a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the Secretary agrees to waive or reduce the penalty. Defendant may not challenge the applicable recovery amount, the validity of the violations alleged, or his liability for the violations.

10.    Wherever submission to the Secretary is required under the terms of this Consent Judgment, such submission shall be made to:

> Jean Ackerman
> Regional Director
> United States Department of Labor
> Employee Benefits Security Administration
> 90 7th Street, Suite 11-300

San Francisco, CA 94103
Fax: 415-625-2499

11.     The Secretary and defendant Brunk shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

12.     Defendant Brunk expressly waives any and all claims of any nature which he has or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

13.     Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14.     This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

15.     By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

The Court directs the entry of this Consent Judgment and Order as a final order.

IT IS SO ORDERED.

Dated:   **April 18, 2016**                      _____
                                                                UNITED STATES DISTRICT JUDGE